| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE WHITLEY SUPERIOR COURT |
| ) SS: | | CAUSE NO. 92D01-2306-CT-000580 |
| COUNTY OF WHITLEY ) | | |

MICHELLE FOUST,  )
)
    Plaintiff,  )
)
v.  )
)
KYOCERA SGS PRECISION TOOLS,  )
INC.  )
)
    Defendant(s).  )

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Michelle Foust, a qualified female employee who performed within her employer's reasonable expectations at all times material to this Complaint. Plaintiff alleges that she was discriminated against and subjected to disparate treatment by her employer on the basis of her sex (female) in violation of her federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Defendant is Kyocera SGS Precision Tools, Inc., a company doing business at 724 E Swihart St., Columbia City, IN 46725, with its principal office at 55 S Main St., Munroe Falls, OH, 44262. Defendant's registered agent is CT Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204. Defendant is an "employer" for the purposes of Title VII.

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 31, 2022, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Notice of Right to Sue on March 31, 2023, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional requirements have been met, and all administrative remedies have been exhausted for the filing of this lawsuit.

4. Plaintiff worked for the Defendant for two (2) years, and at the time of separation from employment, her job title was Quality Assurance Tech.

5. On December 3, 2021, Plaintiff and similarly situated male employee Garrett Leckrone were administered a random drug test by Respondent. Both tested positive for marijuana. Both Plaintiff and Garrett were placed on a "Last Chance Agreement ("Agreement")," that required them both to participate in the Company's Employee Assistance Program and random periodic drug testing for a period of one year. Both agreed in order to maintain their employment.

6. Plaintiff attended and completed the substance abuse program as required by the Agreement. By information and belief, Mr. Leckrone did as well.

7. On January 12, 2022, both Plaintiff and Mr. Leckrone were administered another drug screen. Both tested positive for marijuana at much lower levels than the initial drug screen administered weeks before.

8. On January 18, 2022, Defendant terminated Complainant. Defendant called Plaintiff and indicated that the reason for termination was that her "levels" had not decreased. However, on January 20, 2022, Plaintiff requested and was provided copies of her drug

screen results, which indicated that her initial level was 300, but had dropped to 84 by the second test.

9. Garrett Leckrone (a lateral employee who answered to the same supervisor) was not terminated despite also testing positive on the second test at a lower level than his first. Leckrone had only worked for the company for approximately four (4) months prior to his initial positive drug screen. Plaintiff had seniority and was more qualified that Leckrone to hold the position from which she was terminated.

10. Plaintiff contends that she was subjected to disparate treatment on the basis of her sex, and that the reason given for her termination was false and pretextual. While a second positive screen may be a legitimate policy reason for termination, the policy was unequally applied on the basis of sex, as Leckrone was not summarily terminated as Complainant was.

11. Defendant's discriminatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, including income, and subjected her to inconvenience, emotional distress, embarrassment, humiliation, and other damages and injuries. Plaintiff seeks compensatory damages, including reasonable attorney fees and costs.

12. Furthermore, Defendant's discriminatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Complainant's federally protected rights pursuant to Title VIII warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant(s) in the form of

compensatory damages, punitive damages, as well as reasonable attorney fees and costs.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CLOSE & HITCHCOCK, LLP

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:   (260) 408-6818
Facsimile:   (260) 498-2655
E-mail:   Jennifer@closehitchcock.com
*Attorney for Plaintiff*